THOMAS DEVER v. THE CITY OF JUNCTION CITY AND
WILLIAM FISHER.

No. 99.

INJUNCTION — *action for, cannot be changed into one for damages.* When an action, brought to enjoin and prevent the doing of an act which it was alleged would result in irreparable injury to the plaintiff, had been pending and undetermined in the District Court for about three years, it was not error for the court to deny the application of the plaintiff for leave to so amend his petition as to change the action from one for injunction to one to recover for the damages sustained subsequently to the commencement of the action.

Error from Geary District Court. Hon. James Humphrey, Judge. Opinion filed December 12, 1896. *Affirmed.*

On February 24, 1888, the plaintiff in error commenced an action in the District Court of Geary County against the defendants in error, and alleged that he was the owner of a certain lot abutting on Eighth Street in Junction City ; that said city had by ordinance ordered certain improvements to be made on said street, and had in pursuance thereof contracted with the defendant Fisher to do the work ; that the same was being defectively done ; that the making of such pretended improvements in the manner contemplated by the ordinance would necessarily leave the street in an unfinished condition, and that to allow the defendants to further proceed with the making of such pretended improvements would not only result in depreciating the value of his lot, but would also subject him to the payment of a special tax; that he had no adequate remedy at law for the threatened injury, and therefore prayed that the defendants be enjoined from the further prosecution of the work. A temporary

injunction was granted on the day the petition was filed, but was, on February 27, 1888, vacated upon the ground that, "the facts and statements set forth in said petition are not sufficient in law to justify the same." Thereupon the plaintiff prosecuted proceedings in error to the Supreme Court, where, in February, 1891, the action of the District Judge in vacating the temporary injunction was affirmed. *Dever v. City of Junction City*, 45 Kan. 417. After the temporary injunction was vacated by the District Judge, the cause was continued by order of the court, with the consent of all parties thereto, "to await decision of the Supreme Court on question taken there by plaintiff." On March 16, 1891, more than three years after the temporary injunction was vacated, the plaintiff filed in said cause what he denominated an "amended and supplemental petition," wherein he alleged, among other things, that for more than four years prior to the commencement of this action, and ever since that time, he had been the owner of a certain lot fronting on Eighth Street in the City of Junction City ; that about the month of December, 1887, the City, by its officers and agents, contracted with the defendant William Fisher to make certain pretended improvements on said street ; that thereafter Fisher, under the directions of the City and its officers, made said pretended improvements, and in so doing trespassed upon his lot and appropriated to the use of the City about three feet of the front end thereof ; and that by reason of the commission of the several acts therein recited, the property of the plaintiff had been damaged in the sum of five hundred dollars, for which he prayed judgment. On April 24, thereafter, the defendants moved the court to strike this "amended and supplemental" pleading

from the files, on the ground that it was filed without notice to defendants, and without leave of court. This motion was sustained on May 4, 1891, and leave was then granted to the plaintiff to file an amended petition, and the cause was continued until the next regular term. The plaintiff then filed what he termed an amended petition, which was almost identical in terms with the "amended and supplemental" petition before mentioned. On June 5, 1891, the defendants moved to strike this pleading from the files, on the ground that it set out an entirely different cause of action from the one stated in the original petition, and that the relief prayed for was the recovery of damages alleged to have been sustained by reason of certain wrongful acts therein charged to have been done by the defendants after the date of the commencement of this action, while the original petition only stated an equitable cause of action and contained a corresponding prayer for relief. This motion was also sustained. The plaintiff then asked leave to amend his original petition by adding thereto the allegation : "The acts already stated herein in the first five paragraphs of the original petition in this action, which acts were done and performed prior to the commencement of this action and of which the plaintiff complains, were to the great injury of plaintiff and to his damage in the sum of five hundred dollars ; " and that in addition to the prayer therein for an injunction the following be inserted : "And that plaintiff also have judgment against the defendants in the sum of five hundred dollars as his damages arising from the wrongs complained of, and committed by the defendant prior to the commencement of this action." The defendants objected to the proposed amendments being made, and after due consideration the objections were

sustained, and, on the motion of the defendants, the
court dismissed the action and rendered judgment in
favor of the defendants for the costs.   The plaintiff
has brought the case to this court for review.

*Thomas Dever*, for plaintiff in error.

*J. R. McClure*, for defendants in error.

CLARK, J.  The first contention of the plaintiff in
error is, that, as the defendants had filed no answer to
the petition at the time the pleading denominated
"amended and supplemental petition" was filed, the
plaintiff had the right, under section 136 of the Civil
Code, to make any amendments to his petition which
he thought advisable to make and that no "leave of
court" was required, and that the defendants were
given due notice of the filing of such petition.   In
support of this contention, the plaintiff in error di-
rects our attention to a paper, which is set out in the
transcript of the record as a part thereof, marked
"Notice," and which, upon its face, purports to be a
typewritten acknowledgment by the attorney for the
defendant of the service upon him, on March 19, 1891,
of notice of the filing of an amended and supple-
mental petition.   Whether in fact this notice was
served, or the attorney for the defendants acknowl-
edged service thereof, cannot be learned from the
record.   There is nothing to show that the acknowl-
edgment of service was signed by the attorney for
the defendant.  The evidence upon the hearing of the
motion, if any was introduced, is not preserved, and
for aught that appears the court may have sustained
the motion because the defendants were not given the
proper notice of its having been filed.   But even if
the court erred in its ruling, the error was not preju-
dicial, as no exception was saved thereto, and the

amended petition, which was filed after having obtained leave of court, contained substantially the same allegations and prayer for relief as were set out in the "amended and supplemental" petition.

As we construe the original petition, it does not state sufficient facts upon which to base a prayer for damages. The plaintiff attempted to enjoin the defendants from doing certain acts, and assigned as his reason for instituting such proceeding that he had no adequate remedy at law. The Supreme Court held that the petition failed to state sufficient facts to warrant the interposition of a court of equity. It was after that decision was rendered that the plaintiff endeavored to file such a statement of facts as would entitle him to a recovery against the defendants; and, in doing so, he virtually alleged that the acts which he originally sought to enjoin had, in fact, been consummated by the defendants, and that he had sustained damages by reason thereof; thus changing substantially his claim against the defendants. The rights of the parties are to be determined as they existed when the suit was commenced; and, as at that time the plaintiff was not entitled to a recovery, he could not compel the defendant to litigate in that action a controversy concerning matters which occurred after the filing of the original petition, and to which reference was first made in a supplemental petition filed without leave of court. We think that the pleading filed by the plaintiff as an amended petition was, in fact, a supplemental petition, and that the court did not err in striking it from the files.

Nearly four years after the commencement of this action the plaintiff asked leave of court to add certain specific amendments to his original petition, but, as the matter of allowing amendments to pleadings is

one largely within the discretion of the trial court, only an abuse of such discretion will be reviewed by an appellate court. We do not think the court erred in refusing to allow the proposed amendments. As the petition then failed to state a cause of action, there remained no question to be litigated between the parties; and the court very properly sustained the motion to dismiss the action at the cost of the plaintiff. The judgment will be affirmed.